The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LOUISE RYAN, et al.,

                Plaintiffs,

v.

SUSAN DREYFUS,

                Defendant.

No. C09-0908RAJ

ORDER

This matter comes before the court on Plaintiffs' motion for class-wide prospective injunctive relief (Dkt. # 60) and Plaintiffs' motion to certify a class (Dkt. # 99). The court previously granted injunctive relief as to the named Plaintiffs. *See* Orders (Dkt. ## 50, 112). For the reasons explained below, the court GRANTS both motions (Dkt. ## 60, 99).

## I. FINDINGS OF FACT

1. The court adopts and incorporates by reference the findings of fact as stated in previous orders on Plaintiffs' motions for injunctive relief (Dkt. ## 50, 112).

2. It is undisputed that before July 1, 2009, approximately 949 Medicaid-eligible individuals living in community-based residential settings in Washington received rehabilitative therapy services and/or skilled nursing services through Adult Day Health ("ADH") programs.

ORDER - 1

3. The Washington State Department of Social and Health Services ("DSHS") terminated those services on July 1, without providing an opportunity for a pre-termination hearing to any of the affected individuals.

4. The Defendant conceded at oral argument that the putative class members were deprived of a constitutionally protected due process right to a pre-termination hearing.

**III. CONCLUSIONS OF LAW RELATED TO CLASS CERTIFICATION**

1. The court adopts and incorporates by reference the conclusions of law previously stated in the orders on Plaintiffs' motions for injunctive relief (Dkt. ## 50, 112).

2. The Plaintiffs have demonstrated that the proposed class meets the requirements of Fed. R. Civ. P. 23(a), (b)(2)-(3): (1) that the class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the class; (3) that the claims or defenses of the representative parties are typical of the claims or defenses of the class; (4) that the representative parties will fairly and adequately protect the interests of the class; (5) that the party opposing the class has acted or refused to act on grounds that apply generally to the class, such that injunctive relief is appropriate respecting the class as a whole; and (6) that the common questions of law or fact predominate over questions affecting only individual class members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

3. The Defendant does not dispute that the Plaintiffs have satisfied their burden as to the numerosity requirement, or that the representative parties will fairly and adequately protect the interests of the class. *See* Def.'s Opp'n (Dkt. # 116) at 5.

4. The Defendant contends that the Plaintiffs have not demonstrated sufficient commonality or typicality because they have not presented any evidence from which

the court could infer that all of the putative class members have a current and ongoing eligibility for the particular Medicaid services that were terminated on July 1. Without evidence to support that inference, the Defendant contends that this case presents individualized questions of law and fact as to whether any individual putative class member has suffered an injury.

5. Yet the Defendant concedes that as of June 30, all class members were eligible for ADH services, and that those services were terminated without an opportunity for a constitutionally required pre-termination hearing.

6. Thus, the injury to class members is a common question of law: the due process violation resulting from the deprivation of the opportunity for a pre-termination hearing. This common question of law predominates over any questions affecting individual class members.

7. The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits states from denying, reducing or terminating Medicaid services without the right to meaningful notice prior to termination or reduction of Medicaid benefits, continued benefits pending a pre-termination hearing, and a fair and impartial pre-termination hearing. *See Goldberg v. Kelly*, 397 U.S. 254, 267-68 (1970).

8. Federal regulations also require that state Medicaid agencies must continue to provide Medicaid benefits regularly to all eligible individuals until they are found to be ineligible. *See* 42 C.F.R. § 435.930(b) (2009). If a Medicaid beneficiary receives a benefits termination notice and the beneficiary requests a hearing, the state Medicaid agency may not terminate benefits until a decision on the hearing has been made. *See* 42 C.F.R. § 431.230 (2009) (providing exceptions not applicable here).

9. Each putative class member suffered the same injury, because DSHS terminated each class member's Medicaid benefits without providing an opportunity

for a pre-termination hearing. Thus, the Plaintiffs have satisfied the typicality requirement.

10. The Plaintiffs have also shown that the requested relief is appropriate respecting the class as a whole.

11. The Defendant disputes this element, arguing that "short of ordering that notice and opportunity for hearing be provide for members of the putative class (which is already happening), there is no 'injunctive relief . . . [that] is appropriate respecting the class as a whole.'" Def.'s Opp'n (Dkt. # 116) at 10.

12. The contention that the Defendant is already remedying the due process violation reflects a misunderstanding of the precise nature of the violation that Defendant concedes occurred here. The class members were entitled to a *pre-termination* hearing, not a post-termination hearing. The class-wide case management activities that DSHS has undertaken since the commencement of this litigation have provided for post-termination hearings for those individuals who request them. Pending a hearing, the class member's ADH services are reinstated. But DSHS concedes that it should have provided notice and an opportunity for a pre-termination hearing before July 1. Before July 1, the class members were eligible for and received ADH services. Thus, in order to remedy the due process violation, the class members' ADH services must be immediately reinstated and then DSHS can provide the notice and opportunity to be heard that it should have provided before July 1. This injunctive relief is an appropriate remedy for the class as a whole, given that each class member suffered the same injury.

13. Because the Plaintiffs have shown that class-certification is appropriate under Rule 23(a), (b)(2)-(3), the court certifies a class defined as:

> Medicaid-eligible individuals in the State of Washington living in community-based residential settings who were assessed to need skilled

> nursing and/or rehabilitative therapy services and, until July 1, 2009, received those Medicaid services through Adult Day Health programs.

## IV. CONCLUSIONS OF LAW RELATED TO PRELIMINARY INJUNCTION

1. The court adopts and incorporates by reference the conclusions of law previously stated in the orders on Plaintiffs' motions for injunctive relief (Dkt. ## 50, 112).

2. A district court has the authority to grant injunctive relief to preserve the status quo and to prevent irreparable loss of rights prior to judgment. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

3. In order to obtain a preliminary injunction under Fed. R. Civ. P. 65(a) in a case where the public interest is involved, a plaintiff must show that (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Winter v. Nat'l Res. Def. Council, Inc.*, 129 S. Ct. 365, 376 (2008); *California Pharmacists Assocs. v. Maxwell-Jolly*, 563 F.3d 847 (9th Cir. 2009).

4. The class members are likely to succeed on the merits of their due process claim. It is undisputed that the Plaintiffs were deprived of their due process right to notice and an opportunity for a pre-termination hearing.

5. The class members are likely to suffer irreparable harm if they do not receive the ADH services they were previously assessed to require. It is undisputed that, before July 1, each class member was found to require ADH services as a medical necessity.

ORDER - 5

6. The balance of equities tips in favor of granting injunctive relief, because the cost of providing ADH services is outweighed by the risk to the class members' health and well-being if they are deprived of medically necessary services.[1]

7. Injunctive relief serves the public interest because the public has an interest to ensure that the class members receive medically necessary services to prevent further incapacitation or institutionalization.

## V. INJUNCTION & ORDER

1. Plaintiffs' motion for class certification is (Dkt. # 99) is GRANTED. The class is defined as stated *supra*, Section III.13.

2. The class representatives are Washington State Long-Term Care Ombudsman Louise Ryan, and Plaintiffs B.S., C.S., R.M., and T.W.

3. The court appoints MacDonald Hoague & Bayless and Crollard Law Office as class counsel.

4. Plaintiffs' motion for class-wide prospective injunctive relief (Dkt. # 60) is GRANTED.

5. The Defendant shall immediately reinstate and maintain the ADH program service funding at the level that DSHS previously assessed the class members to require and that they received prior to July 1, 2009, until such time as the Defendant reassesses their needs and they: (1) receive a planned action notice ("PAN") indicating a community-based provider through whom they will receive the same level of skilled nursing and rehabilitative therapy services and have exhausted their administrative appeals to challenge the PAN, or (2) receive a PAN indicating a reduction or

---

[1] The court understands and appreciates that the Washington State Legislature is facing extraordinary budgetary challenges amid these trying economic times. The court also understands that certain budgetary decisions must be made that may adversely impact certain classes of our citizenry. The court will not, however, countenance such decisions when their implementation violates fundamental due process rights. The record is clear that DSHS's termination actions did not comport with due process.

ORDER - 6

termination of skilled nursing and rehabilitative therapy services and have exhausted their administrative appeals to challenge the PAN.

6. In light of the deficient PANs DSHS previously issued, the court orders the Defendant to submit a draft PAN for the court's review no later than September 14, 2009. The court recognizes that each class member's PAN may be tailored to that class member's services and situation; the court seeks the submission of the PAN language that is common to all PANs. The Plaintiffs may file objections to the proposed PAN language no later than September 21, 2009. The Defendant shall not issue any PANs until the court has entered an order related to the proposed PAN language. In crafting its proposed PAN language, the Defendant shall ensure that all PANs issued comply with state and federal law and DSHS's internal guidelines, and the specifications previously ordered by this court.

7. After the court has approved PAN language, the Defendant shall issue copies of the PANs to (1) the class members and their guardians or representatives, if any; (2) the class members' residential providers; and (3) the class members' ADH program providers.

8. The Defendant shall also provide copies of the PANs (with the class members' names redacted) to the Washington State Long-Term Care Ombudsman.

9. At this point, the court suspends the Defendant's obligation to provide bi-weekly summary reports to the court and Plaintiffs' counsel as previously ordered.

IT IS SO ORDERED.

Dated this the 4th day of September, 2009.

*Richard A. Jones*

The Honorable Richard A. Jones

ORDER - 7